## HALLIBURTON v. NANCE AD.

1. PLEADING: *Amendments, verification of.*

It is not necessary to re-verify pleadings after they are amended, unless the amendment introduces a new and distinct cause of action or defense.

2. ASSIGNMENT : *Order on attorney for money collected.*

An order by a client upon his attorney for money collected by him is no transfer of the debt to the payee, if he was the agent of the client and the order was given merely for the purpose of collection ; The right of action against the attorney for the money remains in the client if the order was not paid, though it be accepted by the attorney.

APPEAL from *Arkansas* Circuit Court.

HON. X. J. PINDALL Circuit Judge.

*W. H. Halliburton pro se.*

1. The amended complaint should have been verified. *Gantt's Dig., Sec.* 4597; *Newman, Plead & Pr., p.* 643; *Bliss on, Code, Practice Sec.* 173.

2. The acceptance of the order was a novation of the original debt, and appellant became responsible to Slead, and thereby fully satisfy the demand of Mrs. Willis. *Hilliard on Contracts, vol.* 1., *p.* 424; *Parsons on Cont, vol.* 1., *p.* 187; *De Colleir on Guarantees, p.* 108; *Story on Prom. Notes Sec.* 438.

ENGLISH, C. J. In September 1881, William M. Nance, as administrator of the estate of Elizabeth Willis, deceased, sued William H. Halliburton, in the Circuit Court of Arkansas County for $202.66, alleged to have been collected by him in 1875, as attorney for plaintiff's intestate, and not paid over.

A demurer was interposed to the complaint on the ground that no demand of the money before suit was alleged ; the court sustained the demurer, and gave plaintiff leave to amend by interlienation, which was done. Defendant then

moved the court to require plaintiff to verify the complaint as amended, the motion was overruled, and defendant excepted.

Defendant then answered the complaint. The substance of the defense was that Mrs. Willis, in her life time, had drawn an order on defendant, and his partner, Brinkley, for the money collected by them, as her attorneys, of Johnson & Davis, in favor of C. A. Slead; and that they had accepted the order, whereby the right to the money was transferred to Slead, and plaintiff as administrator of Mrs. Willis, had no cause of action.

The court found from the evidence introduced at the trial, that Slead was the agent of Mrs. Willis, and that the order was drawn by her in his favor, as such agent for collection, and was not intended to transfer the debt to him ; and declared the law upon the facts to be (the court sitting as a jury) that plaintiff was entitled to recover, and rendered judgment in his favor, as administrator, for the amount claimed, with interest, &c.

It was proved that the order had not been paid after acceptance, that Slead died with it in his possession, and that after his death, there being no administration upon his estate, it was delivered by a member of his family to Mrs. Willis, and her administrator produced it in court at the trial.

Defendant moved for a new trial, which was refused and he took a bill of exceptions and appealed.

I. Every pleading must be verified by affidavit, (*Gantt's Dig., Sec.* 4591) but the court may permit amendments to be made without being verified, unless a new and distinct *cause of action* or defense is thereby introduced. *Ib.* 4624.

No new and distinct cause of action was introduced into the complaint by amendment permitted by the court below in this case. The action was for money collected by appellant as attorney, and not paid over. The complaint omitted to

aver demand before suit, and the omission, a mere fault in pleading, was cured by the amendment.

II. Be it said to the credit of appellant, his purpose in permitting himself sued, and making defence, seems not to have been to avoid accounting for money collected by him as an attorney, but to protect himself against the order drawn by Mrs. Willis upon him and his partner, in favor of Slead, and accepted by them. But the order being in favor of her agent, and merely for collection, as found by the court below, was no legal transfer of the debt to the agent, and the debt remaining unpaid at her death, her admidistrator had the right to collect it, as the court declared the law to be.

Affirmed.